**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **WILLIAM ROGER WISENER,** | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:09-CV-359-Y** |
| | § | |
| **RICK THALER, Director,** | § | |
| **Texas Department of Criminal Justice,** | § | |
| **Correctional Institutions Division,** | § | |
| **Respondent.** | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**
**AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the

provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for

the Northern District of Texas.  The Findings, Conclusions, and Recommendation of the United

States Magistrate Judge are as follows:

## I.  FINDINGS AND CONCLUSIONS

### A.  NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

### B.  PARTIES

Petitioner William Roger Wisener TDCJ-ID #1476709, is a state prisoner in custody of the

Texas Department of Criminal Justice, Correctional Institutions Division, in Abilene, Texas.

Respondent Rick Thaler is the Director of the Texas Department of Criminal Justice,

Correctional Institutions Division.

### C.  FACTUAL AND PROCEDURAL HISTORY

On December 14, 2007, Wisener pled guilty to robbery–causing bodily injury in Tarrant

County, Texas, and was sentenced to ten years' imprisonment. (State Habeas R. at 67-73)  He did not appeal his conviction or sentence.  Wisener filed a state application for habeas corpus relief, raising one or more of the issues presented, which was denied by the Texas Court of Criminal Appeals on the findings of the trial court. (State Habeas R. at cover)  This federal petition for habeas corpus relief was timely filed.

The record reflects that loss prevention officers for the Parks Mall in Arlington, Texas, observed Wisener on surveillance cameras attempting to cut wires securing plasma TV's in the electronics department of Sears .  When he was unable to cut the wires, Wisener picked up a Sony sound system and left the store without paying for the system.  While attempting to detain him, Wisener bit one of the loss prevention officers.  After being apprehended, Wisener informed Arlington police officers that he had left his five-year-old grandson in the car in the mall parking lot.  A similar Sony sound system was found in the rear of Wisener's car that had also been stolen from Sears.  The value of the Sony systems was between $500 and $1500.  Wisener was placed under arrest for theft and abandoning or endangering a child.  (*Id.* at 51-64)  He was later indicted for robbery-causing bodily injury, enhanced by a prior felony conviction, and endangering a child.  As part of the plea agreement, the state agreed to a plea in bar of prosecution on the endangering charge.

### D. ISSUES

Wisener claims he received ineffective assistance of counsel, thereby rendering his guilty plea involuntary.  (Petition at 7; Pet'r Memorandum at 7-31)

### E. RULE 5 STATEMENT

Wisener sufficiently exhausted his state remedies with regard to the issues presented as

required by 28 U.S.C. § 2254(b)(1).

## F. DISCUSSION

### *Legal Standard for Granting Habeas Corpus Relief*

Under 28 U.S.C. § 2254(d), a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless he shows that the prior adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court. 28 U.S.C. § 2254(d). A decision is contrary to clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court of the United States on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000); *see also Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). A state court decision will be an unreasonable application of clearly established federal law if it correctly identifies the applicable rule but applies it unreasonably to the facts of the case. *Williams*, 529 U.S. at 407-08.

The statute further requires that federal courts give great deference to a state court's factual findings. *Hill*, 210 F.3d at 485. Section 2254(e)(1) provides that a determination of a factual issue made by a state court shall be presumed to be correct. When the Texas Court of Criminal Appeals denies relief in a state habeas corpus application without written opinion, as in this case, typically it is an adjudication on the merits, which is entitled to the presumption. *Singleton v. Johnson*, 178 F.3d 381, 384 (5th Cir. 1999); *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997). The

petitioner bears the burden of rebutting the presumption of correctness by clear and convincing evidence.  28 U.S.C. § 2254(e)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003); *Williams*, 529 U.S. at 399.

### 1. *Ineffective Assistance of Counsel*

A criminal defendant has a constitutional right to the effective assistance of counsel at trial. U.S. CONST. amend. VI.  To prevail on an ineffective assistance claim in the context of a guilty plea, a defendant must demonstrate that his plea was rendered involuntary by showing that (1) counsel's representation fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for counsel's deficient performance, he would not have pled guilty and would have insisted on going to trial.  *Hill v. Lockhart*, 474 U.S. 52, 56-59 (1985); *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983); *see also Strickland v. Washington*, 466 U.S. 668, 687 (1984).

In evaluating an ineffective assistance claim, a court must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance or sound trial strategy.  *Strickland*, 466 U.S. at 668, 688-89.  Judicial scrutiny of counsel's performance must be highly deferential and every effort must be made to eliminate the distorting effects of hindsight.  *Id.* at 689.  A voluntary guilty plea waives all non-jurisdictional defects that occurred prior to the plea, including challenges to the sufficiency of the evidence and claims of ineffective assistance of counsel that do not attack the voluntariness of the guilty plea.  *Smith*, 711 F.2d at 682; *Bradbury v. Wainwright*, 658 F.2d 1083, 1087 (5th Cir. 1981).  Thus, to the extent Wisener complains that he is innocent of the charged offense of robbery, that there was insufficient evidence to support his conviction, and that trial counsel failed to conduct an independent investigation into the facts of his case, to file pretrial motions, and to interview key state witnesses on his behalf, matters unrelated

to the voluntariness of his plea, the claims are nonjurisdictional and are waived by the plea.  *See*

*United States v. Broce*, 488 U.S. 563, 573-74 (1989).

As to Wisener's claim that his plea was involuntary because counsel coerced him into

pleading guilty by threats of a harsher sentence, the state trial court held a hearing by affidavit,

which proves relevant to the issue.  Trial counsel testified in his affidavit as follows:

> Mr. Wisener hired me on August 10, 2006.  On August 11, 2006, he was put
> on "bond caseload."  Mr. Wisener did not show up for a scheduled court appearance
> on August 12, 2006.  I did not hear from Mr. Wisener again until I received a letter
> dated November 27, 2007 in which he said he was in Tarrant County Jail.  On
> December 11, 2007, I received an email with the state's offer on Mr. Wisener's
> cases.  Mr. Wisener was set for "Status Converence" on December 14, 2007.  I
> reviewed Mr. Wisener's file on "ECFS" in preparation for the court date.  On
> December 14, 2007, I conveyed the state's offer to Mr. Wisener.  Mr. Wisener asked
> if I had reviewed [the] videotape in question or talked to the state's witnesses.  I told
> him I had not.  I told him that if no agreement could be reached in his cases, the cases
> would be set for trial and I would prepare for that trial including reviewing all the
> evidence against him and interviewing all the witnesses.  I also told him that the state
> said that if the case  went to trial they would reindict Mr. Wisener as a "Habitual
> Offender."  I asked Mr. Wisener to accept the state's offer.  Mr. Wisener accepted
> the state's offer.  Mr. Wisener was fully aware of his legal options including his right
> to a jury trial at the time he accepted the state's offer in his cases.  I did not force,
> coerce and/or induce Mr. Wisener to accept the state's offer in any way.  (State
> Habeas R. at 40)

In light of counsel's testimony and the documentary evidence in the state record, the state

habeas court entered findings of fact refuting Wisener's allegations of coercion and inducement and

determined that Wisener had failed to prove his plea was not entered voluntarily, knowingly, or

intelligently.  (*Id*. at 45, 47)

A guilty plea must be a voluntary, knowing, and intelligent act done with sufficient

awareness of the relevant circumstances and likely consequences surrounding the plea.  *Brady v.*

*United States*, 397 U.S. 742, 748 (1970).  If a challenged guilty plea is knowing, voluntary, and

intelligent, it will be upheld on federal habeas review.  *James v. Cain*, 56 F.3d 662, 666 (5th Cir.

1995).  Although a defendant's attestation of voluntariness at the time of the plea is not an absolute bar to later contrary contentions, it places a heavy burden upon him.  *United States v. Diaz*, 733 F.2d 371, 373-74 (5th Cir. 1979).  He must show such a strong degree of misunderstanding, duress, or misrepresentation by the court, prosecutor, or his own counsel that his plea would become a constitutionally inadequate basis for imprisonment.  *Id.* (citing *Blackledge v. Allison*, 431 U.S. 63, 75 (1977)).

The record of the plea proceedings does not support Wisener's assertion that his plea was rendered involuntary as a result of coercion or threats on the part of counsel or others.  Although there is no reporter's record of the plea proceeding, the documentary record reflects that Wisener entered his guilty plea in open court and was advised by counsel and the trial court of his rights, waivers, and the full range of punishment for the offense.  (*Id.* at 67-71)  Wisener executed the written plea admonishments in which he acknowledged that he was aware of the consequences of his plea, that his plea was made knowingly, freely and voluntarily, that no one threatened, coerced, forced, persuaded or promised him anything in exchange for his plea, that he was "totally satisfied" with the representation received from counsel, and that counsel provided "fully effective and competent representation." (*Id.*)  *See Blackledge*, 431 U.S. at 74; *Kelley v. Alabama*, 636 F.2d 1082, 1084 (5th Cir. 1981).  Further, Wisener judicially confessed to committing the offense as charged in the indictment.  (*Id.* at 71)  Such representations by a defendant during plea proceedings "carry a strong presumption of verity."  *Blackledge*, 431 U.S. at 74.

Without substantiation in the record, a court cannot consider a habeas petitioner's mere assertions on a critical issue in his pro se petition to be of probative evidentiary value.  *Ross v. Estelle*, 694 F.2d 1008, 1011-12 (5th Cir. 1983).  Accordingly, a habeas petitioner's self-serving

assertion, after the fact, that he was persuaded or coerced into entering a guilty plea by counsel is in and of itself insufficient. *See Siao-Pao v. Keane*, 878 F. Supp. 468, 472 (S.D.N.Y. 1995); *see also*, *e.g.*, *Panuccio v. Kelly*, 927 F.2d 106, 109 (2nd Cir. 1991) (a defendant's testimony after the fact suffers from obvious credibility problems).   Wisener has presented no legal authority or evidence concerning counsel's representation and influence on his decision to plead guilty sufficient to rebut the presumption of regularity of the state court records and the correctness of the state courts' adjudication of the issue. *See Babb v. Johnson*, 61 F. Supp. 2d 604, 607 (S.D. Tex. 1999); *see also Hill*, 210 F.3d at 485; *Armstead v. Scott*, 37 F.3d 202, 210 (5th Cir. 1994).

Counsel's obligation is to inform a criminal defendant of the advantages and disadvantages of a plea agreement and the attendant statutory and constitutional rights that a guilty plea would forgo.  *Libretti v. United States*, 516 U.S. 29, 50-51 (1995).  Often a criminal defendant, even if he is unwilling or unable to admit his guilt, will agree to plead guilty to an offense, having been so informed by counsel, in order to avoid a potentially longer sentence by a jury.  Such a decision on the part of a defendant does not render counsel's representation deficient or a plea involuntary. *See North Carolina v. Alford*, 400 U.S. 25, 37 (1970) ; *Brady v. United States*, 397 U.S. 742, 749-50 (1970).

The record supports the state courts' determination of Wisener's ineffective assistance claims.  The state courts' decision is not contrary to or involve an unreasonable application of federal law in light of the record as a whole and is entitled to deference and the presumption of correctness.

## 2.  Evidentiary Hearing

Wisener requests this court hold an evidentiary hearing to further develop the record in

support of his petition.  (Pet'r Reply at 4-5)  If a petitioner fails to develop a factual basis for a claim

in state court, a federal habeas court shall not conduct an evidentiary hearing on the claim unless the

claim relies on a new rule of constitutional law or on a factual predicate that could not have been

previously discovered through the exercise of due diligence and the facts would be sufficient to

establish by clear and convincing evidence the petitioner's actual innocence.  28 U.S.C. §

2254(e)(2).  Wisener does not satisfy the statutory requirements.

## II.  RECOMMENDATION

Based on the foregoing, it is recommended that Wisener's petition for writ of habeas corpus

be denied.

### III.  NOTICE OF RIGHT TO OBJECT TO PROPOSED
### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### AND CONSEQUENCES OF FAILURE TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner

provided by law.  Any party who objects to any part of this report and recommendation must file

specific written objections within 10 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1);

Fed. R. Civ. P. 72(b).  The court is extending the deadline within which to file specific written

objections to the United States Magistrate Judge's proposed findings, conclusions, and

recommendation until January 1, 2010.  In order to be specific, an objection must identify the

specific finding or recommendation to which objection is made, state the basis for the objection, and

specify the place in the magistrate judge's report and recommendation where the disputed

determination is found.  An objection that merely incorporates by reference or refers to the briefing

before the magistrate judge is not specific.  Failure to file specific written objections will bar the

aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge

that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

## IV.  ORDER

Under 28 U.S.C. § 636, it is ordered that each party is granted until January 1, 2010, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation.  It is further ordered that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ordered that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED December 11, 2009.


_____/s/___Charles Bleil_____
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE